SHORT RECORD
NO. 25-8022
FILED 07/24/2025

No. 25- _____

# United States Court of Appeals for the Seventh Circuit

———————————————

JOHN GREGG,

*Plaintiff-Respondent,*

v.

CENTRAL TRANSPORT LLC,

*Defendant-Petitioner.*

———————————————

On Petition for Permission to Appeal from the
United States District Court for the Northern District of Illinois
No. 1:24-cv-01925 (Hon. Elaine E. Bucklo)

———————————————

**PETITION FOR PERMISSION TO APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)**

———————————————

Jason A. Selvey
Emma R. Graham
Jackson Lewis P.C.
150 N. Michigan Ave.
Suite 2500
Chicago, IL 60601
Phone: (312) 787-4949
Jason.Selvey@jacksonlewis.com
Emma.Graham@jacksonlewis.com

*Counsel for Defendant-Petitioner Central Transport LLC*

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: _____

Short Caption: Gregg v. Central Transport LLC

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Central Transport LLC

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Jackson Lewis P.C.

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: /s/ Jason A. Selvey    Date: July 24, 2025

Attorney's Printed Name:  Jason A. Selvey

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** ☑  **No** ☐

Address:  Jackson Lewis P.C., 150 N. Michigan Ave., Suite 2500, Chicago, IL 60601

Phone Number: (312) 787-4949    Fax Number:  (312) 787-4995

E-Mail Address: jason.selvey@jacksonlewis.com

rev. 12/19 AK

i

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: _____

Short Caption: Gregg v. Central Transport LLC _____

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Central Transport LLC _____

    _____

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Jackson Lewis P.C. _____

    _____

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A _____

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A _____

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A _____

Attorney's Signature: /s/ Emma R. Graham _____ Date: July 24, 2025 _____

Attorney's Printed Name:  Emma R. Graham _____

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** ☐  **No** ☑

Address: Jackson Lewis P.C., 150 N. Michigan Ave., Suite 2500, Chicago, IL 60601 _____

_____

Phone Number: (312) 787-4949 _____ Fax Number: (312) 787-4995 _____

E-Mail Address: emma.graham@jacksonlewis.com _____

rev. 12/19 AK

## TABLE OF CONTENTS

APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT.................. i

APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT................. ii

TABLE OF AUTHORITIES ................................................................... iv

INTRODUCTION ............................................................................... 1

QUESTIONS PRESENTED ................................................................. 5

RELIEF SOUGHT ............................................................................. 5

BACKGROUND ................................................................................ 5

A.    Statutory Background ............................................................ 5

B.    Factual Background ............................................................... 8

C.    Proceedings Below ................................................................ 8

REASONS FOR GRANTING THE PETITION ....................................... 10

A.    The Issues Are Pure Questions of Law. ................................... 10

   i.    Whether P.A. 103-0769 Constitutes A Clarification of the BIPA Is A Pure Question of Law. ................................ 11

   ii.   Whether P.A. 103-0769 Applies Retroactively Is A Pure Question of Law. 11

B.    The Issues Are Controlling Questions of Law. .......................... 11

   i.    Whether P.A. 103-0769 Is a Clarification of the BIPA Is A Controlling Question of Law. ........................................ 12

   ii.   Whether P.A. 103-0769 Is Procedural and Applies Retroactively Is Also A Controlling Question of Law. ............ 13

C.    The Issues are Contestable. ................................................... 13

   i.    The Question Presented Regarding Clarification Is Contestable. ............. 13

   ii.   The Question Presented Regarding Retroactivity Is Contestable. .............. 16

D.    Review of Both Questions Presented Will Materially Advance the Termination of the Litigation. ................................................ 17

E.    The Court Should Review *Gregg* In Addition to *Clay* .................... 18

CONCLUSION ................................................................................. 19

# TABLE OF AUTHORITIES

## CASES

*Ahrenholz v. Bd. of Trustees*, 219 F.3d 674 (7th Cir. 2000) .................................. 9, 10

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ............................................. 11

*Ballard v. Freedman Seating Co.,* No. 2024 ............................................... 13

*Boone v. Illinois Dep't of Corrections*, 71 F.4th 622 (7th Cir. 2023)......................... 14

*City of Joliet v. Mid-City Nat'l Bank,* No. 05 C 6746, 2008 U.S. Dist. LEXIS 48710 (N.D. Ill. June 13, 2008) ........................................................... 15

*Clay v. Union Pac. R.R. Co.*, No. 25-8011 (7th Cir. 2025)........................ 3, 13, 14, 16

*Cothron v. White Castle Sys., Inc.,* 20 F.4th 1156 (7th Cir. 2021) ................ 1, 5, 8, 15

*Dardeen v. Heartland Manor, Inc.,* 186 Ill.2d 291 (Ill. 1999) ............................. 13, 14

*Gagen v. Mandell Menkes, LLC,* No. 2023 ................................................ 13

*Gregg v. Cent. Transp. LLC*, No. 24 C 1925, 2024 U.S. Dist. LEXIS 206003 (N.D. Ill. Nov. 13, 2024) ................................................................*passim*

*Gregg v. Cent. Transp. LLC*, No. 24 C 1925, 2025 U.S. Dist. LEXIS 53731 (N.D. Ill. Mar. 21, 2025)................................................................*passim*

*People v. Glisson*, 782 N.E.2d 251 (Ill. 2002) ............................................ 14

*Rojo v. Homer Tree Care, Inc.,* No. 23 ................................................... 13

*Searcy v. eFunds Corp.,* No. 08 C 985, 2010 U.S. Dist. LEXIS 132078 (N.D. Ill. Dec. 14, 2010)........................................................................ 15

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)..................... 11, 15

*Sterk v. Redbox Auto. Retail, LLC*, 672 F.3d 535 (7th Cir. 2012) ......................... 15

*Wallace v. Vee Pak, LLC,* No. 24 ....................................................... 13

## STATUTES

740 ILCS 14/1 *et seq.* ................................................................. 1, 4

740 ILCS 14/15(b) ........................................................................ 5

740 ILCS 14/20(b) .................................................................................1, 4, 6

740 ILCS 14/20(d) .................................................................................2, 4, 6

28 U.S.C. § 1292(b) ...............................................................................*passim*

28 U.S.C. § 1332(a) .......................................................................... 2, 7, 8, 11

Illinois Public Act 103-0769 (2024) .....................................................*passim*

## RULES

Seventh Circuit Rule 32(b) ......................................................................... 18

Fed. R. Civ. P. 12(b)(1) ................................................................................ 7

Fed. R. Civ. P. 12(h)(3) ...................................................................7, 11, 15

Fed. R. Civ. P. 59(e) ...................................................................................... 8

Federal Rule of Appellate Procedure 5(c)(1) ........................................... 18

Federal Rule of Appellate Procedure 32(a) .............................................. 18

Federal Rule of Appellate Procedure 32(f) ............................................... 18

## OTHER AUTHORITIES

Illinois Senate Bill 2979 ............................................................................. 6

## INTRODUCTION

This Court should grant interlocutory review to determine whether the provisions of 740 ILCS 14/20(b) and (d) of Illinois Public Act 103-0769 ("P.A. 103-0769") (1) clarify the intention of the Illinois General Assembly with respect to the assessment of damages under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et. seq.*, such that they apply to cases pending when P.A. 103-0769 was enacted on August 2, 2024; or (2) alternatively, whether they constitute a change to the BIPA that is procedural and thus apply retroactively to cases pending when P.A. 103-0769 was enacted on August 2, 2024.

In *Cothron v. White Castle Systems, Inc.,* the Illinois Supreme Court held that a claim under the BIPA accrues "with every scan or transmission of biometric identifiers or biometric information without prior informed consent." 2023 IL 128004, ¶ 45. Yet, the Court acknowledged, "there is no language in the Act suggesting legislative intent to authorize a damages award that would result in the financial destruction of a business." *Id.* ¶ 42. Because of ambiguity with respect to how the ruling on accrual would impact the assessment of damages under the statute, the Illinois Supreme Court expressly invited the General Assembly to "make clear its intent regarding the assessment of damages under the Act" in light of *Cothron. Id.* ¶ 43. The General Assembly did just that, enacting P.A. 103-0769 in August 2024, making clear its intent that "a private entity that, in more than one instance, collects, captures, purchases, receives through trade or otherwise obtains the same biometric identifier or biometric information from the same person using the same method of collection in violation of subsection (b) of Section 15 has committed a single violation

1

of subsection (b) of Section 15 for which an aggrieved person is entitled to, at most, one recovery" under Section 15 of the BIPA. 740 ILCS 14/20(b). Similarly, with respect to subsection 15(d), the legislature made clear its intent that where "a private entity that, in more than one instance, discloses, rediscloses, or otherwise disseminates the same biometric identifier or biometric information from the same person to the same recipient using the same method of collection in violation of subsection (d) of Section 15 has committed a single violation of subsection (d) of Section 15 for which an aggrieved person is entitled to, at most, one recovery under" Section 15 of the BIPA. 740 ILCS 14/20(d).

In enacting P.A. 103-0769 to clarify its intent regarding the damages provisions of the BIPA at the behest of the Illinois Supreme Court, the Illinois General Assembly made clear that an aggrieved party is and *always* has been limited to, at most, a single recovery of liquidated damages under the BIPA, regardless of how many times a claim accrued under subsections 15(b) or (d). Furthermore, even if P.A. 103-0769 were not a clarification, the language chosen by the legislature makes clear that it is procedural and thus operates retroactively to cases pending at the time of enactment.

Accordingly, P.A. 103-0769 clarifies that the district court does not—and never did—have subject matter jurisdiction over Plaintiff's claims because so-called "per-scan" damages under the BIPA, or damages for each alleged collection or disclosure of the same biometric identifier or biometric information, are not—and never were—contemplated by the legislature. Thus, it is and always was impossible for Plaintiff

to recover the $75,000 in damages necessary to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff brings claims under three subsections of the BIPA.  Dkt. 16.  Thus, even if Plaintiff demonstrated that Central Transport violated those three subsections and did so recklessly or intentionally, he would still only be eligible for, at most, $15,000 in statutory damages, falling far short of the threshold to establish diversity jurisdiction.[1]

The district court initially agreed with this analysis, holding that P.A.103-0769 resulted directly from the Illinois Supreme Court's express invitation to the General Assembly to clarify its intention with respect to damages under the BIPA.[2] *Gregg v. Cent. Transp. LLC*, No. 24 C 1925, 2024 U.S. Dist. LEXIS 206003, *7-8 (N.D. Ill. Nov. 13, 2024) ("*Gregg I*") ("[B]y inviting the legislature to 'clarify' the issue of damages, the Illinois Supreme Court endorsed the view that the issue was unsettled and that the legislature could permissibly settle it.  PA 103-0769 does just that.").  Because P.A. 103-0769 clarified that the so-called "per-scan" theory for which Plaintiff advocates was *never* intended by the legislature, the district court concluded the amount in controversy requirement was not satisfied and dismissed Plaintiff's Complaint for want of subject matter jurisdiction. *Id.* at *8. However, upon Plaintiff's

---

[1] This assumes Plaintiff could recover a separate award under each subsection of Section 15. Central Transport disputes that separate awards are contemplated by the statute, which provides for, at most, a single recovery of $1,000 or $5,000 under Section 15.

[2] The district court did not address the potential retroactive application of P.A. 103-0769 in *Gregg I*. *See* No. 24 C 1925, 2024 U.S. Dist. LEXIS 206003, *5 ("Where an amendment is a clarification of the prior statute, it must be accepted as a legislative declaration of the meaning of the original Act.  In that case, there is no need to determine whether the amendment should have retroactive effect because it is as if the amendment has been in place all along.")  (Internal quotations and citation omitted).

motion to reconsider, the district court reversed, finding that P.A. 103-0769 was not only a clarification and applies only prospectively. *Gregg v. Cent. Transp. LLC*, No. 24 C 1925, 2025 U.S. Dist. LEXIS 53731, *5 (N.D. Ill. Mar. 21, 2025) ("*Gregg II*").

The contrasting analyses in the district court's decisions, decisions from other courts, the import of these issues and their potentially dispositive effect in this case and others, which directly implicate the district court's subject matter jurisdiction, establish that immediate review is warranted under 28 U.S.C. § 1292(b) ("Section 1292(b)"). Moreover, this Court has already granted a similar petition. *Clay v. Union Pac. R.R. Co.*, No. 25-8011 (7th Cir. 2025). While that petition did not raise the issue of whether P.A. 103-0769 constituted a clarification of the assessment of damages, this Court determined that the question of whether the provisions of P.A. 103-0769 are procedural and, thus, retroactive, met the requirements of Section 1292(b). Central Transport addresses that issue here, in addition to the threshold question of whether P.A. 103-0769 constitutes a clarification of legislative intent making it essential for this Court to hear this case as well. Further, this Court has at least one other similar petition pending before it, *Willis v. Universal Intermodal Services, Inc.*, No. 2021 C 01716. The numerous petitions demonstrate the importance of the issues and the need for an authoritative decision from this Court that applies uniformly.

Above all, this Court should grant Central Transport's petition to address the important questions posed and resolve the potentially dispositive question of whether federal subject matter jurisdiction exists here. Central Transport further requests that this Court grant any similar petitions pending before it, such as in *Willis*, and

suggests the cases raising one or more of these issues be heard together in a consolidated fashion for the purposes of judicial economy.

## QUESTIONS PRESENTED

1.    Whether the provisions of 740 ILCS 14/20(b) and (d) of Illinois Public Act 103-0769 ("P.A. 103-0769") clarify the intention of the Illinois General Assembly with respect to the assessment of damages under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et. seq.*, such that they apply to cases pending when P.A. 103-0769 was enacted on August 2, 2024.

2.    If the provisions of 740 ILCS 14/20(b) and (d) of P.A. 103-0769 do not clarify the intention of the Illinois General Assembly with respect to the assessment of damages under the BIPA, but instead constitute a change to the BIPA, whether such amendments are procedural in nature and apply retroactively to cases pending when P.A. 103-0769 was enacted on August 2, 2024.

## RELIEF SOUGHT

Central Transport requests that this Court grant permission to appeal the district court's order granting Plaintiff's motion for reconsideration (Dkt. 75-76, Ex. A), as certified by the district court on July 14, 2025 (Dkt. 84-85, Ex. B-C).

## BACKGROUND

### A.    Statutory Background

Under subsection 15(b) of the BIPA, "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier

5

or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b).

Under subsection 15(d) of the BIPA, "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless" the individual consents or other enumerated conditions are met. *Id.* 14/15(d).

BIPA grants a private right of action to "[a]ny person aggrieved by a violation of [the] Act." *Id.* 14/20. A prevailing party "may recover for each violation" either actual or liquidated damages of $5,000 from a private entity that recklessly or intentionally violates the Act, or $1,000 from a private entity that negligently violates the Act. *Id.*

In *Cothron*, the Illinois Supreme Court held that claims under subsections 15(b) and (d) of the BIPA accrue "with every scan or transmission" of biometric identifiers or biometric information. 2023 IL 128004, ¶ 30. However, the Court acknowledged ambiguity regarding how its holding should be construed with Section 20 relating to damages. *Id.* ¶¶ 40-43. The Court acknowledged, "there is no language in the Act suggesting legislative intent to authorize a damages award that would result in the financial destruction of a business," questioning whether the legislature

6

intended for the potential recovery of liquidated damages each time a claim accrues with each collection or transmission. *Id.* ¶ 42. The Court noted that "policy-based concerns about potentially excessive damage awards under the Act are best addressed by the legislature" and expressly "suggest[ed] that the legislature review these policy concerns and *make clear its intent regarding the assessment of damages under the Act.*" *Id.* ¶ 43. (emphasis added).

On May 16, 2024, the Illinois General Assembly did so in passing Senate Bill 2979 ("SB 2979"), adding language to Section 20 on damages and clarifying its original intent in passing the BIPA that where a private entity collects or discloses the same person's biometric identifier or biometric information more than once using the same method, that person is limited to, *at most*, one recovery. Specifically, SB 2979 added this clarifying language to Section 20 of the BIPA:

> (b) For purposes of subsection (b) of Section 15, a private entity that, in more than one instance, collects, captures, purchases, receives through trade, or otherwise obtains the same biometric identifier or biometric information from the same person using the same method of collection in violation of subsection (b) of Section 15 has committed a single violation of subsection (b) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section.

> (d) For purposes of subsection (d) of Section 15, a private entity that, in more than one instance, discloses, rediscloses, or otherwise disseminates the same biometric identifier or biometric information from the same person to the same recipient using the same method of collection in violation of subsection (d) of Section 15 has committed a single violation of subsection (d) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section regardless of the number of times the private entity disclosed, redisclosed, or otherwise disseminated the same biometric identifier or biometric information of the same person to the same recipient.

740 ILCS 14/20(b) and (d).

7

Though SB 2979 provides that it "takes effect upon becoming law," it does not state whether it applies to cases pending as of its effective date. However, if not a clarification, it is procedural in nature and thus applies retroactively. On August 2, 2024, the Governor signed SB 2979 into law as P.A. 103-0769.

### B.    Factual Background

On March 7, 2024, Plaintiff, a former employee of Central Transport, filed his Complaint with co-plaintiff Rashaan Edwards. (Dkt. 1). Plaintiff later amended the Complaint on May 10, 2024, naming himself the sole plaintiff. (Dkt. 16 – "Complaint"). Plaintiff alleges Central Transport violated subsections 15(a), (b) and (d) of the BIPA. *Id.* He claims that his alleged biometric identifiers or biometric information were "used, collected, otherwise obtained, and/or stored" by Central Transport each time he clocked in and out of work using an alleged biometric timeclock. *Id.* ¶ 17, 21.

Plaintiff invoked diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), claiming the "matter in controversy exceeds $75,000.00 exclusive of punitive damages, and/or interest and costs." *Id.* ¶ 4. Plaintiff alleges that he seeks "statutory, liquidated damages of $1,000 for each negligent violation of BIPA and $5,000 for each intentional or reckless violation of BIPA" and "that there were not less than 75 BIPA violations." *Id.* ¶ 4 n. 1.

### C.    Proceedings Below

On September 19, 2024, Central Transport moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) based on the enactment of P.A. 103-0769. Dkt. 42 at 1. Central Transport argued that P.A. 103-0769 makes

clear that plaintiff always has been limited to, at most, a single recovery of liquidated damages. *Id.* at 2. Accordingly, the district court lacked jurisdiction over Plaintiff's claims at the time he filed his Complaint and now because so-called "per scan" damages under the BIPA, or a separate award of liquidated damages per scan or transmission of alleged biometric data, are not—and never were—contemplated by the legislature. *Id.* at 6. Thus, it was impossible for Plaintiff to recover the $75,000 in damages necessary to establish diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.*

On November 13, 2024, the district court granted Central Transport's motion to dismiss, holding P.A. 103-0769 resulted directly from the Illinois Supreme Court's invitation to "the legislature to 'clarify' the issue of damages [under BIPA], [meaning] . . . the Illinois Supreme Court endorsed the view that the issue was unsettled and that the legislature could permissibly settle it." Dkt. 52-53; *Gregg I*, 2024 U.S. Dist. LEXIS 206003, *7-8. The court concluded that "the clarified intent enacted in P.A. 103-0769 must be applied as if it were clear from the date of the BIPA's enactment." *Id.* at *8. Because P.A. 103-0769 clarified that the "per-scan" damages Plaintiff seeks were never intended by the legislature, including when Plaintiff filed his Complaint (*i.e.,* "after *Cothron* but before the amendment"), the district court determined that the amount in controversy requirement was not satisfied and dismissed Plaintiff's Complaint for want of subject matter jurisdiction. *Id.* at *8-9.

Plaintiff moved to reconsider and, on March 21, 2025, the district court granted Plaintiff's motion under Fed. R. Civ. P. 59(e). Dkt. 75-76; *Gregg II*, 2025 U.S. Dist.

LEXIS 53731.  Contrary to its initial view, the district court found that P.A. 103-0769 applies only prospectively, concluding that (i) "the legislature has not expressly indicated its intent" on "whether the change applies retroactively," and (ii) even though "the line between substance and procedure can sometimes be unclear," "the change PA 103-0769 effected is substantive," meaning P.A. 103-0769 applies only prospectively, not to cases pending at the time it was enacted.  *Id.* at *5.

On April 18, 2025, Central Transport moved the district court to certify its decision for review by this Court under Section 1292(b).  Dkt. 78-79.  On July 14, 2025, the district court granted that motion and certified its order for potential review by this Court.  Dkt. 84-85.

## REASONS FOR GRANTING THE PETITION

This Court may permit an interlocutory appeal when a case: "(1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  This Court has adopted a four-factor test: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000).  As the district court concluded, the factors under Section 1292(b) are present here. This Court should as well and grant the petition.

### A.     The Issues Are Pure Questions of Law.

This Court has explained that a "'question of law' as used in [Section] 1292(b) has reference to a question of the meaning of a statutory or constitutional provision,

regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676.

### i. Whether P.A. 103-0769 Constitutes A Clarification of the BIPA Is A Pure Question of Law.[3]

The district court has twice construed P.A. 103-0769, deciding whether it constitutes a clarification of the assessment of damages under BIPA, finding first that it was a clarification, and then finding to the contrary. *Gregg I*, 2024 U.S. Dist. LEXIS 106003, at *5-8. This is a pure question of statutory interpretation, which this Court "could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677. It is clear then that Central Transport raises a purely legal question: whether P.A. 103-0769 only clarified legislative intent and applies to cases pending at the time it was enacted.

### ii. Whether P.A. 103-0769 Applies Retroactively Is A Pure Question of Law.

Similarly, the district court decided whether, if not a clarification, the law constitutes a procedural or substantive change and is therefore retroactive or only prospective in reach. *Gregg II*, 2025 U.S. Dist. LEXIS 53731, at *4-5. This too is a pure question of statutory interpretation, which this Court can decide "without having to study the record." *Ahrenholz*, 219 F.3d at 677. Accordingly, whether P.A. 103-0769 was a substantive or procedural change and applies retroactively is a purely legal question.

### B. The Issues Are Controlling Questions of Law.

Whether P.A. 103-0769 is only a clarification or retroactive in reach and would

---

[3] In most sections, Central Transport includes a subsection applying to the clarification issue and another to the retroactivity issue. There is significant crossover between the issues.

apply to this case is a controlling question of law because the answer could be that federal courts do not have subject matter jurisdiction over single-plaintiff BIPA cases and Plaintiff's claims must be dismissed. *E.g.*, *Ahrenholz*, 2019 F.3d at 676 (a question is controlling when its resolution could prevent protracted litigation).

### i.    Whether P.A. 103-0769 Is a Clarification of the BIPA Is A Controlling Question of Law.

The district court's two *Gregg* rulings prove as much. A court following the logic of *Gregg I*, which is reasonable, has not been condemned outright by the district court as completely erroneous, and could be followed regardless, would find P.A. 103-0769 is only clarifying and applies to cases filed before it was enacted. It would not reach the second proposed question here. That said, a plaintiff like Gregg would (if he prevails) only be eligible to potentially obtain liquidated damages consistent with P.A. 103-0769, *i.e.*, one award, at most. As the district court found in *Gregg I*, and as other courts are likely to hold, a plaintiff would at most be entitled to $5,000 for a single violation of BIPA. *Gregg I*, 2024 U.S. Dist. LEXIS 206003, at *8. Those like Plaintiff would fall far short of the $75,000 amount in controversy they must demonstrate to establish diversity jurisdiction, whether because the amendment was a clarification or was procedural and, thus, retroactive. 28 U.S.C. § 1332(a); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *Gregg I*, 2024 U.S. Dist. LEXIS 206003, at *8. A court would be required to dismiss such a plaintiff's complaint, as the district court initially did. *Gregg I*, 2024 U.S. Dist. LEXIS 206003, at *8-9; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (if a court concludes subject matter jurisdiction does not exist, it "must dismiss the complaint in its

entirety" without examining the merits); Fed. R. Civ. P. 12(h)(3).

### ii. Whether P.A. 103-0769 Is Procedural and Applies Retroactively Is Also A Controlling Question of Law.

In *Gregg II*, the district court found that P.A. 103-0769 is not a clarification but is instead a substantive change and not retroactive. 2025 U.S. Dist. LEXIS 53731. As the district court found, recognizing the issue is a controlling question of law, "'the basic question of whether [the plaintiff] has been injured just once or injured more than a thousand times' is one of substance." *Id.* at \*5 (quoting *Schwartz v. Supply Network, Inc.,* No. 23 CV 14319, 2024 WL 4871408, at \*5 (N.D. Ill. Nov. 22, 2024)). If a court so rules, a plaintiff like Gregg could potentially meet the $75,000 amount in controversy requirement. 28 U.S.C. § 1332(a); *see generally St. Paul Mercury Indem.*, 303 U.S. at 290.

### C. The Issues are Contestable.

The district court's Orders demonstrate there are substantial grounds for differences of opinion with respect to whether (i) P.A. 103-0769 only clarifies legislative intent regarding the assessment of damages under the BIPA such that it applies to cases pending when it was enacted, like this one, or (ii) if P.A. 103-0769 is not a clarification, whether it is nevertheless a procedural change that would be applied retroactively to cases like this one that were filed before P.A. 103-0769 was enacted.

### i. The Question Presented Regarding Clarification Is Contestable.

Neither this Court nor the Illinois Supreme Court has addressed whether P.A. 103-0769 merely clarified legislative intent and the district court has demonstrated

that there is room for reasonable differences of opinion. It ruled in Central Transport's favor on the question of whether P.A. 103-0769 is a clarification without reservation and then effectively reversed its ruling, looking to other decisions and finding them more persuasive, but not that *Gregg I* was wholly erroneous. *Gregg I*, 2024 U.S. Dist. LEXIS 206003, at *8; *Gregg II*, 2025 U.S. Dist. LEXIS 53731, *1-2, 5. There is no reason to think that other courts will not follow the well-reasoned analysis of *Gregg I*.

Indeed, while *Gregg I* is no longer controlling, comparing it to *Gregg II* crystallizes and clearly illustrates the substantial grounds for differences of opinion. In *Gregg I*, the court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction under the same relevant legal doctrines and facts as in *Gregg II*. 2024 U.S. Dist. LEXIS 206003, at *9. The first *Gregg* Order ultimately found that because P.A. 103-0769 merely clarified the legislature's intent, it applies to cases pending when it was enacted. *Id.* at *7 (because P.A. 103-0769 clarified the legislature's intent, "it is as if the amendment has been in place all along"). Thus, Plaintiff failed to meet the amount in controversy requirement. *Id.* at *5-9. Of note, the district court originally emphasized:

> PA 103-0769 does not impact the accrual of BIPA claims, nor does it impact *Cothron's* construction of the BIPA. It simply clarifies that plaintiffs are entitled to a single recovery for violations caused by the collection or dissemination of the same biometric identifiers or information via the same method.

*Id.* at *7. In stark contrast, the district court recognized the room for difference of opinion in *Gregg II*.

14

Other courts have confronted the same or similar issues about the impact of P.A. 103-0769 in different contexts. For example, courts have considered its potential impact in the context of requests to transfer single-plaintiff BIPA cases to the Municipal Division of the Circuit Court of Cook County based on the amount in controversy not exceeding $30,000. They have reached differing conclusions. *See, e.g., Ballard v. Freedman Seating Co.,* No. 2024 L 4606 (Cir. Ct. Cook Cty., Ill. Oct. 2, 2024) (granting motion to transfer, necessarily finding that P.A. 103-0769 applies to pending cases); *Gagen v. Mandell Menkes, LLC,* No. 2023 L 8294 (Cir. Ct. Cook Cty., Ill. Oct. 21, 2024) (denying motion to transfer based on damages claimed) (Dkt. 54-3); *Rojo v. Homer Tree Care, Inc.,* No. 23 L 8588 (Cir. Ct. Cook Cty., Ill. Oct. 30, 2024) (same) (Dkt. 54-4); *Wallace v. Vee Pak, LLC,* No. 24 L 4560 (Cir. Ct. Cook Cty., Ill. Oct. 10, 2024) (same) (Dkt. 54-2); *Boatman v. Riveredge Hosp., Inc.,* No. 24 L 3329 (Cir. Ct. Cook Cty. Nov. 7, 2024) (same) (Dkt. 54-5).

That there is room for reasonable differences of opinion is also made clear in Central Transport's motion to dismiss and the binding authority cited. Respectfully, the district court in *Gregg II* reached the wrong decision, rejecting the evidence and arguments presented, such as that the short description given to the amendment by the legislature said it was procedural, that the amendment did not impact a vested right, and that *Dardeen v. Heartland Manor, Inc.,* 186 Ill.2d 291 (Ill. 1999), and the Court's conclusion on similar facts was dispositive (amendment repealing treble damages provision applied to pending cases, holding "the amendment . . . is related solely to a remedy and does not affect a vested right").

15

ii.    The Question Presented Regarding Retroactivity Is Contestable.

Regarding the potential retroactivity of P.A. 103-0769, this Court has already granted a similar petition pursuant to Section 1292(b).  In its Petition in *Clay v. Union Pac. R.R. Co.*, Union Pacific argued that P.A. 103-0769 was a procedural provision which applied retroactively because it affected only the remedy available to plaintiffs.  Brief of Petitioner-Appellant at 13, *Clay v. Union Pac. R.R. Co.*, No. 25-8011 (7th Cir. June 20, 2025).  Union Pacific properly highlighted the district court's competing decisions in *Gregg I* and *II* as illustrative of substantial ground for difference of opinion.  *Id.* Central Transport concurs.[4]

Neither this Court nor the Illinois Supreme Court has addressed whether P.A. 103-0769 is procedural or substantive, but settled principles of Illinois law indicate that it should be applied retroactively, unlike the district court found in *Gregg II*, making the issue contestable.

Courts have extensively addressed this issue in other contexts. "[S]ubstantive changes to statutes" do not apply retroactively, but "procedural or remedial provisions" do.  *People v. Glisson*, 782 N.E.2d 251, 256-57 (Ill. 2002).  Substantive changes affect the "scope" of conduct, *id.* at 256, while procedural or remedial changes affect "only the procedures and remedies used to enforce a plaintiff's rights," including a legislative change "limit[ing] recovery" for violations of an Act. *Dardeen*, 710 N.E.2d 827, 828-29, 831-32 (Ill. 1999). The reasonable interpretation is that P.A. 103-0769

---

[4] However, *Clay* does not address the threshold controlling issue in *Gregg I* and *II*: whether P.A. 103-0769 was a mere clarification of the BIPA damages provisions, making the review of this case essential as well.

would apply retroactively because it affects remedies, not the conduct prohibited by the Act.

Though there are no conflicting district court decisions regarding P.A. 103-0769's potential retroactivity other than the conflicting decisions in *Gregg I* and *II*, Section 1292(b) does not require that district courts actually disagree. *Boone v. Illinois Dep't of Corrections*, 71 F.4th 622, 625 (7th Cir. 2023) (question must only be "contestable"). Rather, "confusion" regarding a question is sufficient under Section 1292(b). *Id.* at 625.

### D. Review of Both Questions Presented Will Materially Advance the Termination of the Litigation.

Interlocutory review of either question presented will materially advance this litigation. *Sterk v. Redbox Auto. Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (Section 1292(b) requires only that an immediate appeal "*may* materially advance the ultimate termination of the litigation") (emphasis in original). A finding in Central Transport's favor on either question proposed would end this case. The district court would, as before, be required to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, as it would be a legal certainty that Plaintiff could not establish the amount in controversy required to establish federal jurisdiction. *See St. Paul Mercury Indem. Co.,* 303 U.S. at 289; Fed. R. Civ. P. 12(h)(3); *see also Searcy v. eFunds Corp.,* No. 08 C 985, 2010 U.S. Dist. LEXIS 132078, at *4 (N.D. Ill. Dec. 14, 2010) (immediate appeal would materially advance litigation where resolution in defendant's favor "would terminate [class claims] and forestall further protracted, costly litigation"); *City of Joliet v. Mid-City Nat'l Bank,* No. 05 C 6746, 2008 U.S. Dist.

LEXIS 48710, at *6 (N.D. Ill. June 13, 2008) (issue of law may materially advance litigation where court "may well be required to dismiss this case" if defendant prevailed).

Resolving the questions posed could also provide more clarity as to the amount at stake and potentially permit better-informed negotiations regarding potential resolution should the Parties, and parties in like cases, explore that possibility. *See Cothron,* 2020 U.S. Dist. LEXIS 239032 (finding in certifying question for interlocutory appeal in BIPA case, "[t]he question for certification is…'quite likely to affect the further course of the litigation,'….and its resolution will expedite the litigation, either by defining more clearly the parameters of, and the parties' reasonable expectations for, settlement negotiations or by extinguishing [plaintiff's] claims altogether").

Further, the issues presented are general, not fact-specific, and likely to recur in the numerous cases currently pending. *See Cothron v. White Castle Sys., Inc.,* 20 F.4th 1156, 1166 (7th Cir. 2021) (in certifying question regarding claim accrual under BIPA, Seventh Circuit found "[t]he question here is a purely legal one that has already shown itself to frequently arise").

### E. The Court Should Review *Gregg* In Addition to *Clay*.

This Court accepted the petition for review under Section 1292(b) in *Clay.* There, the district court denied defendant's motion for partial summary judgment, finding that P.A. 103-0769 was a substantive change of law and did not apply retroactively. The question presented pertains to the potential retroactive application

of P.A. 103-0769, not to whether the amendment is a mere clarification. To Central Transport's knowledge, this Court has accepted no cases raising the latter issue.

Thus, the Court should accept Central Transport's request for review, not only *Clay*, which could be withdrawn, is at a different point in the litigation, and does not encompass both theories raised by Central Transport, including the one initially accepted in *Gregg I*.

## CONCLUSION

This Court should grant Central Transport's request for an interlocutory appeal of the district court's order.

Dated:  July 24, 2025                    Respectfully submitted,

                                          **CENTRAL TRANSPORT LLC**

                            By:    /s/ *Jason A. Selvey*
                                       One of Its Attorneys

Jason Selvey
Emma Graham
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, IL  60601
Phone: (312) 787-4949
Jason.Selvey@jacksonlewis.com
Emma.Graham@jacksonlewis.com

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 5(c)(1) because it contains 5,159 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

This petition complies with the typeface requirements and type-style requirements of Federal Rule of Appellate Procedure 32(a), as amended by the Seventh Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Century Schoolbook font.

Dated: July 24, 2025                      /s/ *Jason A. Selvey*
                                          Jason A. Selvey

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, the foregoing document and its exhibits were electronically filed with the Clerk of the United States Court of Appeals for the Seventh Circuit by email to USCA7_clerk@ca7.uscourts.gov.  I further certify that on July 24, 2025, I caused a copy of this filing to be served by email on counsel for Plaintiff-Respondent:

David Bizar
DJC Law, PLLC
1012 W. Anderson Ln.
Austin, TX 78757
dbizar@teamjustice.com

Samuel L. Eirinberg
DJC Law, PLLC
140 S. Dearborn Street, Ste. 1610
Chicago, IL 60603
sam@teamjustice.com

*/s/ Jason A. Selvey*
Jason A. Selvey

# ADDENDUM

# Pursuant to Federal Rule of Appellate Procedure 5(b)(1)(E)

# TABLE OF CONTENTS

**DESCRIPTION**                                                    **EXHIBIT**

Order Granting Plaintiff's Motion for Reconsideration (March 21, 2025),
    Dkt. 76 ..............................................................................................A

Notification of Docket Entry (July 14, 2025), Dkt. 84 ...................................B

Order (July 14, 2025), Dkt. 85 .......................................................................C

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

John Gregg,                          )
                                     )
        Plaintiff,                   )
                                     )
                                     )
    v.                               )   No. 24 C 1925
                                     )
                                     )
Central Transport LLC,               )
                                     )
        Defendant.                   )


<u>Order</u>

In this suit under the Illinois Biometric Information Privacy
Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.*, I concluded that
a recent amendment to the BIPA, Public Act (or "PA") 103-0769, did
not amount to a change in the law but rather clarified the
legislature's original intent regarding damages. Accordingly, I
held that the amendment applied to cases such as this that were
pending at the time of its enactment. *See Gregg v. Cent. Transp.
LLC*, No. 24 C 1925, 2024 WL 4766297 (N.D. Ill. Nov. 13, 2024).
Consequently, I dismissed the suit, concluding based on the
amendment's text that plaintiff John Gregg was entitled to, at
most, "one recovery" under the statute and thus could not satisfy
the amount-in-controversy requirement of diversity jurisdiction.
*See id.*

Since then, other courts in this district have considered the impact of PA 103-0769 and reached the opposite conclusion, holding that it was intended to change the existing law and applied only to cases filed after its effective date. *See, e.g.*, *Schwartz v. Supply Network, Inc.*, No. 23 CV 14319, 2024 WL 4871408 (N.D. Ill. Nov. 22, 2024); *Giles v. Sabert Corp.*, No. 24 C 2996, 2025 WL 274326 (N.D. Ill. Jan. 21, 2025). In light of these cases, Gregg moves for reconsideration under Federal Rule of Civil Procedure 59(e),[1] which allows a court to alter or amend a judgment "when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) (citation and internal quotation marks omitted). Because upon further consideration, I am persuaded that the better interpretation of the amendment is that it effected a change in the law, I grant Gregg's motion.

In *Cothron v. White Castle System, Inc.*, 216 N.E.3d 918 (Ill. 2023), the Illinois Supreme Court resolved a certified question concerning the accrual of claims under the BIPA. Specifically the Seventh Circuit asked the court to answer the question: "Do section 15(b) and 15(d) claims accrue each time a private entity scans a

---

[1] Gregg also brings his motion under Rule 60(b), but because he has filed the motion within 28 days of the judgment and because Rule 59(e), not Rule 60(b), allows consideration of claimed errors of law, the Rule 59(e) standard controls. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008).

person's biometric identifier and each time a private entity transmits such a scan to a third party, respectively, or only upon the first scan and first transmission?" *Id.* at 920. It held that "a separate claim accrues under the [BIPA] each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) or 15(d)." *Id.* Recognizing that this conclusion raised the prospect of "potentially excessive damage awards," the court "respectfully suggest[ed] that the legislature review these policy concerns and make clear its intent regarding the assessment of damages under the [BIPA]." *Id.* at 929.

The Illinois legislature subsequently passed PA 103-0769, which states:

> (b) For purposes of subsection (b) of Section 15, a private entity that, in more than one instance, collects, captures, purchases, receives through trade, or otherwise obtains the same biometric identifier or biometric information from the same person using the same method of collection in violation of subsection (b) of Section 15 *has committed a single violation* of subsection (b) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section.

> (c) For purposes of subsection (d) of Section 15, a private entity that, in more than one instance, discloses, rediscloses, or otherwise disseminates the same biometric identifier or biometric information from the same person to the same recipient using the same method of collection in violation of subsection (d) of Section 15 *has committed a single violation* of subsection (d) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section regardless of the number of times the private

> entity disclosed, redisclosed, or otherwise disseminated
> the same biometric identifier or biometric information
> of the same person to the same recipient.

PA 103-0769 (emphasis added).

I previously construed PA 103-0769 as a narrow response to the court's invitation in *Cothron* to clarify ambiguity in the statutory text concerning the scope of recovery available for a violation. Having considered the issue further, however, I now conclude that the legislature responded to *Cothron* more broadly. It did not merely clarify that an aggrieved person is entitled to only one recovery; it actually narrowed the scope of what constitutes a "violation." Following the *Cothron* court's determination that "a separate claim accrues under the Act each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) or 15(d)," 216 N.E.3d at 920, the legislature amended the text to provide that regardless of how many times an entity obtains, collects, etc., the biometric information of a particular individual using a particular method (or engages in the conduct addressed by section 15(d)), its conduct amounts to a "single violation." The inherent conflict between the amended provision and the *Cothron* court's interpretation of the original statute suggests that the legislature indeed intended to change, not clarify, the original law.

4

Accordingly, I must proceed to the next step in the analysis and examine whether the change applies retroactively. This inquiry also begins with the question of legislative intent. Where, as here, the legislature has not expressly indicated its intent, Section 4 of the Illinois Statute on Statutes provides a default rule: "amendments that are 'procedural in nature may be applied retroactively, while those that are substantive may not.'" *Schwartz*, 2024 WL 4871408, at *4 (quoting *People ex rel. Madigan v. J.T. Einoder, Inc.*, 28 N.E.3d 758, 766 (Ill. 2015)).

As the court explained in *Schwartz*, "[a] substantive change in the law establishes, creates or defines rights," while "a procedural change in the law prescribes a method of enforcing rights or involves pleading, evidence and practice." *Id.* (quoting *Deicke Ctr. v. Ill. Health Facilities Plan. Bd.*, 906 N.E.2d 64, 67, 68 (Ill. App. Ct. 2009)). While the line between substance and procedure can sometimes be unclear, I agree with the *Schwartz* court's view that "the basic question of whether [the plaintiff] has been injured just once or injured more than a thousand times" is one of substance. *Id.* at *5. Because the change PA 103-0769 effected is substantive and the legislature did not expressly provide that it would apply retroactively, I conclude that it applies only prospectively. Accordingly, Gregg's BIPA claim is governed by the version of the statute in effect at the time his

complaint was filed, and his alleged damages satisfy the jurisdictional minimum.

For the foregoing reasons, Gregg's motion to reconsider is granted. My order and opinion of November 13, 2024, is vacated, and the case is reopened.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: March 21, 2025

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

John Gregg, et al.

                                        Plaintiff,

v.                                                          Case No.: 1:24−cv−01925
                                                            Honorable Elaine E. Bucklo

Central Transport LLC

                                        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY


This docket entry was made by the Clerk on Monday, July 14, 2025:


     MINUTE entry before the Honorable Elaine E. Bucklo: Defendant's motion to
amend ruling to certify questions for appeal [78] is granted. Defendant has ten days to
petition the Seventh Circuit for leave to appeal. If the petition is granted, this case will be
stayed pending interlocutory review. Until then, the case shall proceed as scheduled.
Defendant's motion for leave to submit supplemental authority in support of its motion to
amend ruling to certify questions for appeal [82] is also granted. Mailed notice. (mgh, )


**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

John Gregg,                          )
                                     )
          Plaintiff,                 )
                                     )
                                     )
     v.                              )    No. 24 C 1925
                                     )
                                     )
Central Transport LLC,               )
                                     )
          Defendant.                 )


<u>Order</u>

On November 13, 2024, I concluded that a recent amendment to
the Illinois Biometric Information Privacy Act (BIPA) that limited
plaintiffs to a single recovery for repeated violations merely
clarified the law such that the amendment applied to cases already
pending, rather than prospectively only. *See* ECF 53. Consequently,
I dismissed plaintiff's complaint because, limited to only a single
recovery for statutory damages, he could not meet the amount-in-
controversy requirement for diversity jurisdiction. On March 21,
2025, I granted plaintiff's motion to reconsider that order. *See*
ECF 76. There, I concluded that the BIPA amendment effected a
substantive change to the law, which meant it could only be applied
prospectively. Thus, plaintiff's case could proceed.

Defendant now asks that I certify my March 21, 2025 order for
interlocutory appeal pursuant to Federal Rule of Appellate

Procedure 5(a)(3) and 28 U.S.C. § 1292(b). I recently granted a similar motion in a different case on the same issue. *See* Order, *Willis v. Universal Intermodal Servs., Inc.*, No. 21 C 1716 (N.D. Ill. July 14, 2025), ECF 236. Having reviewed the briefs on the pending motion, I conclude that the prerequisites for certifying the order for interlocutory appeal are present here for the reasons given in the *Willis* order. The issue of whether the BIPA amendment applies to cases brought prior to its enactment or only to those brought after is a contestable, controlling question of law whose resolution would speed up the litigation. *See Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

Accordingly, I certify my March 21, 2025 order for interlocutory appeal. Defendant has ten days to petition the Seventh Circuit for leave to appeal. If the petition is granted, this case will be stayed pending interlocutory review. Until then, the case shall proceed as scheduled.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: July 14, 2025

2